IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY B.,<br><br>                Claimant,<br><br>    v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>                Respondent. | No. 21 C 4094<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Amy B.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance benefits. For the reasons set forth below, Claimant's Memorandum in Support of Reversing or Remanding Commissioner's Decision [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgment [ECF. No 18] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

On February 26, 2017, Claimant filed an application for disability insurance benefits, alleging a disability beginning April 20, 2016. (R.192). The claim was denied initially and on reconsideration, and Claimant then requested a hearing. (R.192). Administrative Law Judge ("ALJ") Cynthia Bretthauer held a hearing on February 28, 2019, and issued a decision on August 1, 2019, finding Claimant was not disabled. (R.192-221). Clamant asked the Appeals Counsel to review the ALJ's decision. After review, the Appeals Council vacated the ALJ's decision and issued a remand order for further evaluation of the medical opinions and for additional evidence from the vocational expert. (R.229-230).

ALJ Bretthauer held a second hearing on November 19, 2020, and issued a second decision on January 7, 2021, again finding Claimant not disabled and denying her application for disability insurance benefits. (R.15-51). This is an appeal of ALJ Bretthauer's second decision. On May 27, 2021, the Appeals Council denied review of the ALJ's second decision (R.1-8), and therefore, the ALJ's decision is considered the final decision of the Commissioner. Judicial review of that final decision by this Court is authorized by the Social Security Act, 42 U.S.C. § 405(g).

## DISCUSSION

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found that Claimant had not engaged in substantial gainful activity since April 20, 2016, the alleged onset date of her disability. (R.18). At step two, the ALJ found that Claimant has the following severe impairments: fibromyalgia, migraines, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (R.18). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.19). At step four, the ALJ

found that Claimant is unable to perform any past relevant work but has the RFC to perform light work except for the following limitations: "occasionally stoop, crawl, crouch, kneel, balance and climb stairs and ramps; never climb ladders, ropes and scaffolds; limited to simple and routine, unskilled, 1-3 step instruction, with routine changes only; occasional contact with the general public, should work primarily alone, having only occasional contact with co-workers and not performing any joint or shared tasks; and can handle constructive supervisory contact." (R.22). At step five, the ALJ found that jobs exist in significant numbers in the national economy that Claimant can perform, and thus she is not disabled. (R.49-50).

Claimant asserts three arguments challenging the ALJ's decision, including: (1) the ALJ did not follow the Appeals Council directive to properly re-evaluate the medical opinion evidence; (2) the ALJ's mental RFC assessment is not supported by substantial evidence; and (3) the ALJ failed to account for Claimant's obesity or documented manipulative limitations. The Court begins with Claimant's first argument that the ALJ failed to properly evaluate the medical opinion evidence from the medical expert, Dr. Ellen Rozenfeld, Psy.D. Dr. Rozenfeld testified at Claimant's initial hearing and responded to supplemental medical interrogatories after additional records were submitted, which included the treatment notes of Claimant's therapist, Tesa Emmart, LCPC. (R.37).

In her decision after the Appeals Council remand, the ALJ stated that she found Dr. Rozenfeld's opinion persuasive and gave "the supplemental opinion great weight." (R.47). The ALJ gave three reasons for giving Dr. Rozenfeld's opinion great

4

weight: (1) she is a specialist who is familiar with the policies and regulations of the Social Security Administration; (2) she reviewed the complete record, including the supplemental evidence that was submitted; and (3) she provided a detailed explanation with references to the record evidence to support her opinion. (R.47-48). The ALJ, however, failed to explain *how or why* Dr. Rozenfeld's opinion was well-supported by the record evidence. The ALJ used no connecting language to describe how the record evidence purportedly supported Dr. Rozenfeld's opinion. Put simply, the ALJ failed to build a logical bridge from the record evidence to her finding that Dr. Rozenfeld's opinion was well-supported and therefore entitled to great weight. *See Roddy v. Astrue*, 705 F. 3d 631, 636 (7th Cir. 2013) (finding that the ALJ's conclusion regarding a medical opinion lacked the requisite logical bridge from the record evidence).[3]

The Court also notes that the ALJ failed to explain why after remand from the Appeals Council she adopted Dr. Rozenfeld's supplemental opinion in full. In her initial opinion, Dr. Rozenfeld did not opine that Claimant had any significant social limitations. (R.135-141). Yet, after the hearing, as the Appeals Council noted, Dr. Rozenfeld reviewed Ms. Emmart's records (R.1155-1361) and opined Claimant would

---

[3] The Court notes that the ALJ's decision contains a lengthy and detailed recitation of Claimant's treatment history. A detailed medical history, however, is not a substitute for the logical bridge that is required for an ALJ to explain her conclusions. While the reasons supporting the ALJ's analysis and conclusions likely can be found within Claimant's treatment records, the Court does not know what the ALJ was thinking or which records the ALJ was relying upon when she said the records support Dr. Rozenfeld's opinion, and the Court cannot, and will not, speculate about that important matter. In other words, the facts may be there, but the analysis connecting and explaining how the facts lead the ALJ to her conclusion is missing. That is a shame because the ALJ most likely could have provided that crucial link having thoroughly digested the entire record as she did.

5

do best in a setting that "does not require sustained general public contact," but she is able to handle "constructive supervisory contact" though she cannot work on "joint or shared tasks" with coworkers. (R.1376). In her initial opinion, the ALJ did not adopt those limitations from Dr. Rozenfeld's post-hearing opinion or explain why they were given reduced weight, which is why the Appeals Council remanded the matter for further clarification and explanation. (R.229-230). After remand, however, the ALJ adopted Dr. Rozenfeld's opinion, "including all limitation from her supplemental opinion (36F), as reflective of the record as a whole" (R.48) without any further explanation.

The Court does not understand what the ALJ means when she says that Dr. Rozenfeld's supplemental opinion is "reflective of the record as a whole" (R.48), since it is not clear what changed after the Appeals Council remand and why the ALJ then adopted Dr. Rozenfeld' supplemental opinion in toto and included a revised RFC. The ALJ does not offer any explanation, and again the Court will not speculate about what the ALJ was thinking.

In the Court's view, there also is an internal inconsistency in the record. Dr. Rozenfeld provided an initial opinion at the February 28, 2019 hearing (R.135-141). She then reviewed Ms. Emmart's notes, which were submitted after the February 28, 2019 hearing, and provided an updated opinion with some additional limitations (R.1370-1376), which the ALJ now has adopted in full. In her updated opinion, Dr. Rozenfeld gave some credit to Ms. Emmart's treatment notes because she included additional limitations to Claimant's functionality in the supplemental opinion that

6

purportedly were based, in part, on Ms. Emmart's treatment notes which subsequently had been added to the record, but the ALJ also said she gave "no weight" to Ms. Emmart's statements and opinions. (R.48). This inconsistency requires some explanation. For all these reasons, the Court agrees with Claimant that the ALJ's evaluation of Dr. Rozenfeld's opinion is not supported by substantial evidence, and remand is required.

Claimant also argues that the ALJ's mental RFC assessment is not supported by substantial evidence and contends that the RFC limitation to simple work does not adequately account for her moderate limitations in concentration, persistence or pace. The Court agrees with Claimant. It is well-settled law "that 'both the hypothetical posed to the [vocational expert] and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record,' including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). Moreover, the Seventh Circuit repeatedly had held that RFC limitations to simple tasks do not adequately account for problems of concentration, persistence, or pace. *See, e.g.*, *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) ("We have repeatedly cautioned that 'someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be.'") (quoting *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020)); *Crump*, 932 F.3d at 570 ("[O]bserving that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis,

7

including, for example, over the course of a standard eight-hour work shift."). Because the ALJ does not explain *how* the RFC limitations to "simple and routine, unskilled, 1-3 step instruction, with routine changes only" accounts for Claimant's moderate limitation in concentration persistence and pace, this case must be remanded for further explanation.

Because the above issues are dispositive, the Court need not address Claimant's remaining argument that ALJ failed to account for her obesity and documented manipulative limitations. The Court, however, encourages the ALJ to ensure that all of Claimant's physical and mental limitations are sufficiently evaluated and considered when assessing her RFC. The ALJ should do what is necessary to build a logical bridge between the evidence in the record and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672 (7th Cir. 2009); *Smith v. Apfel*, 231 F.3d 433 (7th Cir. 2000).

Finally, the Court cautions Clamant not to read more into this decision than the Court intends. There is substantial evidence in the record that Claimant engages in significant activities of daily living as enumerated in the ALJ's decision, including, among other things, "continuing to work as a sex worker, getting places via Uber, rides from friends and taking public transportation, flew to NV in 2019 to go to Burning Man and stayed there for 1 month and worked at the gate, flew to NY in February 2020 to visit friends and see the Metropolitan museum, took the Amtrak to St. Louis for 10 days to help her friend move some things, reads, cooks, dusts, does laundry, did cat sitting for 6 months at her former supervisor's house, and socializes

with friends, etc." and completing a college degree. (R.46). Based on these significant activities of daily living, the Court understands why the ALJ found that Claimant may not be as disabled as she claims to be. The ALJ, however, must do more by law to connect her evaluation of other relevant evidence in the record – which the ALJ is mandated to consider – to her ultimate conclusions, including with respect to the medical opinion evidence and Claimant's moderate limitations in concentration, persistence and pace as discussed above.

## CONCLUSION

For the reasons set forth above, Claimant's Memorandum in Support of Reversing or Remanding Commissioner's Decision [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgment [ECF. No 18] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 22, 2024